UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY MAXWELL, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-3080 |
| HERBERT T. CASKEY, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.* He alleges that he is learning disabled and suffers from panic attacks, a seizure disorder, and post-traumatic stress disorder.

The therapy provided at the Center is allegedly based primarily on group therapy, which Plaintiff cannot tolerate because of his problems with anxiety and panic attacks. Others in the group berate and threaten Plaintiff, to the point that Plaintiff has vomited after a therapy session and had a panic attack during another.

Plaintiff has allegedly been recommended to have one-on-one therapy due to Plaintiff's learning disabilities and emotional issues, but that has not been provided. The therapists leading the group therapy have accused Plaintiff of faking his difficulties.

## ANALYSIS

Plaintiff is entitled to humane conditions of confinement and to adequate treatment for his serious mental disorder, as determined by an appropriate professional exercising professional judgment. *See* Youngberg v. Romeo, 457 U.S. 307, 323 (1982)(decisions by professionals working at mental health institution are afforded deference and violate the Constitution only if professional judgment not exercised). Plaintiff is not entitled to dictate the treatment he receives. Plaintiff's constitutional rights are violated only if the treatment decisions are a "substantial departure from accepted professional judgment." Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009).

Plaintiff's allegations allow a plausible inference that the treatment being offered to Plaintiff is outside the range of accepted professional judgment. Plaintiff is allegedly unable to cope with the group therapy environment, which effectively means that he

receives no therapy at all.  Additionally, Plaintiff may also state a claim for deliberate indifference to his serious mental health needs regarding his anxiety disorder and panic attacks.

Some of Plaintiff's claims may be barred by the two-year statute of limitations, but that determination should await input from Defendants.

Plaintiff has clarified that he intended to name Kirk Witherspoon, Deborah Messrey, Wayne Statam, and Carolyn Sward as witnesses in support of his claim, not as Defendants. Accordingly, these persons will be dismissed.

**IT IS ORDERED:**

1.   Plaintiff's petition to proceed in forma pauperis is granted

(2).  Pursuant to a review of the Complaint, the Court finds that Plaintiff states a claim for deliberate indifference to his need for treatment for his mental disorders.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. An order assessing a partial filing fee will enter separately. Failure to pay the filing fee will result in dismissal of this case, without prejudice.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. Defendants Sward, Statam, Meservey, and Witherspoon are dismissed because Plaintiff did not intend to name them as Defendants. The clerk is directed to terminate said Defendants.

13. The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.

14. The clerk is directed to assess a partial filing fee after receiving Plaintiff's trust fund ledgers.

15. Plaintiff's motions to correct the Defendants' names are denied as moot (6, 7).

16. Plaintiff's motion to request counsel is denied (3) with leave to renew after Plaintiff demonstrates that he has tried to find counsel on his own by writing to lawyers and law firms.

17. A status conference is set for August 11, 2014 at 1:30 p.m.. Plaintiff shall appear by video conference. Defense counsel may appear by phone or in person. At that time, Plaintiff may orally renew his motion for counsel. The clerk is directed to issue a video writ to secure Plaintiff's presence at the conference.

ENTERED: June 2, 2014

FOR THE COURT:

                                      **s/Sue E. Myerscough**
                                      SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE